IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| COREY MILLER, | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | **7:12 -CV-90145 (HL)** |
| | : | 28 U.S.C. ▪ 2255 |
| | : | **7: 11-CR-27-001 (HL)** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**ORDER AND RECOMMENDATION**

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed September 4, 2012, is before this Court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. (Doc. 74).

Petitioner's only alleged claim is that since he was sentenced after August 3, 2010, the new Fair Sentencing Act ("FSA") "sentencing scheme" should be applied to his case pursuant to *Hill v. U.S.* and *Dorsey v. U.S.* (Doc. 74). The FSA, effective August 3, 2010, "increased the drug amounts triggering mandatory minimums for crack trafficking offense from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum[.]" *Dorsey v. U.S.*, 132 S.Ct. 2321, 2329 (2012). On June 21, 2012, the Supreme Court held, in *Dorsey*, that the Act's "new, more lenient mandatory minimum provisions do apply to those pre-Act offenders," "who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." *Id.* at 2326.

Herein, Petitioner pled guilty to crack cocaine offenses that occurred between November

2009 and February 2010. Petitioner entered a guilty plea on September 26, 2011, and was sentenced on December 19, 2011. (Docs. 34, 58). Petitioner's offense occurred prior to August 3, 2010, and he was sentenced after August 3, 2010; therefore, *Dorsey* may apply to his case.

The United States Probation Office has provided the Court with a recommendation that *Dorsey* has no effect on Petitioner's case. Petitioner stipulated to distribution of 43 grams of crack cocaine, and was sentenced to 151 months based on his status as a career offender. The statutory penalty used during Petitioner's sentencing was "maximum twenty years". The U.S. Probation Office notes that Petitioner's offense carries a mandatory minimum sentence of 5 to 40 years imprisonment under both the old law and the new FSA law. As part of the plea negotiation, Petitioner was sentenced based on a lower statutory penalty resulting in a maximum of twenty years imprisonment.

The FSA penalty range is of no benefit to Petitioner as the new range is actually higher than the penalty range on which Petitioner's sentence was based. Due to the fact that Petitioner's guideline range was based on a 20-year maximum sentence (rather than 5 to 40 years imprisonment), Petitioner is not entitled to a resentencing under *Dorsey*. It is the recommendation of the undersigned that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner

files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

*Motion for Due Process (Doc. 77)*

Petitioner has filed a Motion for Due Process requesting the Court review his Petition and order the Respondent to file an answer. As the Court has recommended Petitioner's Petition be denied, Petitioner's Motion for Due Process is hereby **found to be moot**.

**SO ORDERED AND RECOMMENDED**, this 1st day of November, 2012.

                                                        s/ *THOMAS Q. LANGSTAFF*
                                                        UNITED STATES MAGISTRATE JUDGE

llf