**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**COREY MILLER,**

          Petitioner,                                    Case No. 7:11-CR-27 (HL)

          v.

**UNITED STATES OF AMERICA,**

          Respondent.

**ORDER**

Before the Court is the Report and Recommendation of Magistrate Judge Thomas Q. Langstaff (Doc. 78) addressing Petitioner Corey Miller's Motion to Vacate under § 2255 (Doc. 74). The Court has considered the Recommendation as well as Petitioner's objections, and finds that the Recommendation should be adopted and made the Order of the Court.

Petitioner pled guilty in September 2011 to one count of distributing crack cocaine. He stipulated to distributing 43 grams of the illegal substance. On December 21, 2011, Petitioner was sentenced to 151 months of imprisonment and three years of supervised release based on his status as a career offender. Petitioner now files his Motion to Vacate under § 2255, arguing that his sentence should be adjusted based on an application of the Fair Sentencing Act and Dorsey v. United States, 132 S. Ct. 2321 (2012).

The Court has conducted a thorough review of the case and finds that Dorsey does not apply. In Dorsey, the Supreme Court of the United States held that "the Fair Sentencing Act's new, lower mandatory minimums do apply to the post-Act sentencing of pre-Act offenders." 132 S. Ct. at 2335. In this case, Petitioner committed drug offenses prior to the passage of the Fair Sentencing Act, but was sentenced after the Act had taken effect. Thus, Dorsey could potentially apply. However, a sentence reduction in this case is not appropriate under the Act and Dorsey because the revised sentencing range under the Act is less favorable to Petitioner than his original sentence.

As part of his plea negotiation, Petitioner pled guilty to an offense which had no mandatory minimum penalty and carried a statutory maximum sentence of twenty years. Based on the amount of drugs to which Petitioner stipulated, his statutory penalty should have been a mandatory minimum of five years and a maximum of forty years. Under the Act, the statutory penalty for the amount of drugs to which Petitioner stipulated is a five-year minimum and forty-year maximum. Thus, Petitioner's original sentence, which was based on a twenty-year maximum, is less stringent than the modified statutory penalty under the Act, which involves a forty-year maximum. An application of the revised statutory penalty would not favor Petitioner, and therefore, the Court declines to apply the revised statutory penalty under the Act.

Additionally, as to Petitioner's objection that he was not privy to the recommendation of the United States Probation Office referenced by the

2

Magistrate Judge, the Court finds that it is not necessary to release this recommendation to Petitioner. The Court has conducted an independent review of the case and determined that, even without considering the recommendation of the Probation Office, the decision of the Magistrate Judge is correct. The Petitioner's § 2255 Motion to Vacate is denied.

**SO ORDERED**, this 4th day of December, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr